0D806 - L99

## IN THE COMMON PLEAS COURT OF FRANKLIN COUNTY, OHIO
## CIVIL DIVISION

irth Solutions, LLC
5009 Horizons Drive
Columbus, OH 43220

    Plaintiff,

  v.

SCANA Services, Inc.
220 Operation Way
Cayce, SC 29033-3701

    Defendant,

CASE NO.:

JUDGE:

MAGISTRATE:

## AMENDED COMPLAINT

The Plaintiff, irth Solutions, LLC ("Plaintiff"), for its amended complaint against Defendant, SCANA Services, Inc., ("Defendant") and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a duly organized Ohio Limited Liability Company, registered with the Ohio Secretary of State (Ohio Registration Number 2157992), with its principal place of business at 5009 Horizons Drive, Columbus, Franklin County, Ohio 43220.

2. Defendant is a duly organized South Carolina Corporation with its principal place of business at 220 Operation Way, Cayce, SC 29033-3701.

3. This Court possesses jurisdiction in this matter pursuant to Ohio Revised Code Sections 2305.01, 2305.06, 2307.382(A)(1), (4), and (6), and Ohio Rules of Civil Procedure 4.3(1), (4), and (9).

4. Venue in this Court is appropriate pursuant to Ohio Rules of Civil Procedure 3(B)(7), and 4.3(A)(1) and 4.3(A)(2).

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Sep 13 2:51 PM-17CV007442

0D806 - M1

## FACTS

5. Plaintiff incorporates herein by reference each and every allegation set forth above.

6. In an effort to avoid damages and injury, every state requires any and all excavators to make notification to a protection service ("the 811/One Call Center"), prior to any and all potential subsurface excavating or digging, of the intended location and the date of its planned excavation, before commencing the excavation. (See O.R.C. 3781.28 as a local example)

7. Following an excavators required notification, the 811/One Call Center then generates and sends a notification to all subsurface utility, pipeline, and any other subsurface asset owners that may have its assets present in the general location of the excavation area.

8. The 811/One Call Center notice to the utility or asset owner serves as a work order requiring the utility or asset owner to physically mark the location of its utility or asset at the excavation site so the excavator can avoid injury or damage to the utility or asset. The notice or work order generated and sent to the utility or asset owner is typically referred to as a "dig ticket," or "ticket" by the industry.

9. Defendant is an owner of substantial subsurface assets and required under South Carolina law to conform to their 811 regulations (see South Carolina Underground Facility Damage Prevention Act (§1 Title 58 of the 1976 Code: Chapter 36 (Effective June 7, 2012))).

10. Plaintiff is in the business of publishing and providing industry leading software to its subscribers and clients, who include; third-party locators, state protection services, owners of subsurface utilities, and subsurface assets, so that their subscribers can manage, among other things; their dig tickets' costs effectively and efficiently comply with each of their local state statutory requirements.

2.

11. Upon information and belief, Defendant initiated communications with Plaintiff for the use of Plaintiff's software.

12. On or about March 11, 2008, and after extensive negotiations, Defendant licensed the Plaintiff's "on-site" version of their software, under a Master License Agreement, which allowed the Defendant to keep an accurate, unique documentation, and cost effective record of every individual dig ticket and therefore comply with their state regulations. A true and accurate copy of the Master License Agreement is attached hereto as Exhibit A.

13. Shortly thereafter, Plaintiff's software was installed on Defendant's server and ancillary services were provided to Defendant pursuant to the Master License Agreement Project Schedule. See Exhibit A.

14. On or about October 1, 2015, Plaintiff uncovered that Defendant was operating four versions of Plaintiff's software on separate servers identified to Plaintiff's support team as "DB/Comm/Archive – GISIRTHDB01," "Comm/Web/Mapp – GISIRTHCOM01," "DB Server – DBGISIRTH02DV," and "Comm/Web server – CGISIRTHCOM02DV."

15. Of these four versions, only two versions were properly licensed and provided by Plaintiff.

16. To the best of Plaintiff's knowledge, there is no other technical explanation for the additional unlicensed versions of Plaintiff's software operating on Defendant's unlicensed servers other than the unauthorized replication of Plaintiff's software by Defendant.

17. On or about November 12, 2015, Plaintiff's counsel brought the unauthorized use of Plaintiff's software to the attention of Randy Senn, Chief Information Officer of Defendant.

18. Plaintiff did not hear back from Mr. Senn and decided on or about November 30, 2015, to invoice Defendant for the unauthorized use of Plaintiff's software for the same amount the

0D806 - M3

Defendant had agreed to pay for the authorized versions of Plaintiff's software. A true and accurate copy of the November 30, 2015 invoice is attached hereto as Exhibit B.

19. On or about February 12, 2016, Defendant eventually responded to Plaintiff's November 12, 2015 letter denying Plaintiff's replication of software allegation without reasonable justification or any technical explanation.

20. The fair value of the software, licensing, and maintenance thereof, later duplicated by Defendant is One Hundred Forty Two Thousand Five Hundred Fifty Four and 00/100 ($142,554.00). See Exhibit B.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

21. Plaintiff incorporates the previous paragraphs of this Complaint as if fully written.

22. Plaintiff has fully performed all of its obligations according to the unambiguous negotiated terms of the Agreement, and all conditions precedent have occurred to allow Plaintiff's recovery of the foregoing outstanding amount.

23. Defendant has breached the Agreement by copying Plaintiff's software and refusing to fully pay for the services provided by Plaintiff and for the benefits accepted by Defendant.

24. Plaintiff is entitled to recover from Defendant the sum of One Hundred Forty Two Thousand Five Hundred Fifty Four and 00/100 ($142,554.00) plus interest from the date of the breach, post-judgment interest, late fees, attorney fees, and costs.

## SECOND CAUSE OF ACTION- UNJUST ENRICHMENT

25. Plaintiff incorporates the previous paragraphs of this Complaint as if fully written.

26. Defendant received a benefit when they utilized Plaintiff's software.

27. Defendant knew Plaintiff had conferred a benefit upon them when it utilized un-paid software from Plaintiff.

4

28. Defendant would be unjustly enriched if allowed to keep the benefit of Plaintiff's software.

29. Under these circumstances, Defendant and its retention of the unauthorized benefits conferred by Plaintiff in the amount of One Hundred Forty Two Thousand Five Hundred Fifty Four and 00/100 ($142,554.00), without payment would be unjust.

30. Plaintiff is entitled to recover from Defendant the sum of One Hundred Forty Two Thousand Five Hundred Fifty Four and 00/100 ($142,554.00), plus interest from the date of the breach, post-judgment interest, attorney fees, and costs.

## THIRD CAUSE OF ACTION - ACCOUNT

31. Plaintiff incorporates the previous paragraphs of this Complaint as if fully written.

32. Plaintiff has made repeated requests for payment of their invoices but Defendant has refused to make payments.

33. As of the date of this filing, Plaintiff has received no payments from Defendant per the terms of the Agreement.

34. As of March 31, 2015, Defendant owes Plaintiff the sum of One Hundred Forty Two Thousand Five Hundred Fifty Four and 00/100 ($142,554.00) on an open account for the services furnished to Defendant.

35. Plaintiff is entitled to recover from Defendant the sum of One Hundred Forty Two Thousand Five Hundred Fifty Four and 00/100 ($142,554.00) plus interest from the date of the breach, post-judgment interest, late fees, attorney fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, irth Solutions, LLC hereby demands judgment against Defendant, SCANA Services, Inc. as follows:

1.      On the First cause of action, the sum of One Hundred Forty Two Thousand Five Hundred Fifty Four and 00/100 ($142,554.00) plus interest from the date of the breach, post-judgment interest, late fees, attorney fees, and costs.

2.      On the Second cause of action, the sum of One Hundred Forty Two Thousand Five Hundred Fifty Four and 00/100 ($142,554.00), plus interest from the date of the breach, post-judgment interest, attorney fees, and costs.

3.      On the Third cause of action, the sum of One Hundred Forty Two Thousand Five Hundred Fifty Four and 00/100 ($142,554.00) plus interest from the date of the breach, post-judgment interest, late fees, attorney fees, and costs.

/s/ Colin R. Beach
Thomas J. Novack (0038570)
Colin R. Beach (0080210)
Walker Novack Legal Group, LLC
5013 Pine Creek Drive
Westerville, OH 43081
Phone: (614) 423-8276
Fax: (614) 767-0695
tom@walkernovack.com
colin@walkernovack.com

*Co-Attorneys for Plaintiff,*
*irth Solutions, LLC*


/s/ Patrick D. McCarthy
Patrick D. McCarthy (0092947)
Chilcoat Law, LLC
8795 Davington Drive
Dublin, Ohio 43017
Office: 614.376.0266
attorneypmccarthy@gmail.com

*Co-Attorney for Plaintiff,*
*irth Solutions, LLC*